UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL G. SCHULER,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security Administration,<br><br>    Defendant. | NO. CV-10-3086-RHW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE** |

Before the Court are cross-Motions for Summary Judgment (ECF Nos. 17, 20). Plaintiff is represented by D. James Tree. Defendant Commissioner of Social Security is represented by Jordan Goddard, Special Assistant U.S. Attorney. Plaintiff brought this action seeking review of the final decision of the Secretary denying Plaintiff's application for Supplemental Security Income Benefits under Sections 216 and 223 of the Social Security Act.

**JURISDICTION**

Plaintiff's claim is properly before this Court pursuant to 42 U.S.C. § 405(g). On July 18, 2007, Plaintiff filed an application for Supplemental Security Income, alleging disability beginning June 30, 2006. (TR ). After benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ). A video hearing was held on August 7, 2009. (TR. 9). Plaintiff appeared in Yakima, Washington, and ALJ Ralph L. Wampler presided over the hearing from Oklahoma City, Oklahoma. *Id.* Plaintiff, who was

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE** ~ 1

represented by counsel, testified. (TR. 36-70). The ALJ denied benefits on October 26, 2009 (TR. 9-15), and the Appeals Council denied review (TR 1-5).

## STANDARDS FOR EVALUATION

To establish eligibility for Social Security disability benefits, a claimant has the burden to prove he is disabled. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A claimant will be found eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . ." 42 U.S.C. § 423(d)(2)(A).

The Social Security Administration has set forth a five-step sequential evaluation process for determining disability. *See* 20 C.F.R. § 416.920(a); *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). If the ALJ finds that the claimant is disabled or not disabled at a step, she will make her determination or decision and will not go on to the next step. § 416.920(a)(4). If she cannot determine whether the claimant is or is not disabled, she will go to the next step. *Id.*

At step one, the ALJ examines whether the claimant is engaged in substantial gainful employment activity. § 416.920(a)(4)(I). At step two, the ALJ assesses whether the claimant has a medically severe impairment or combination of impairments that significantly limits his ability to do basic work activities. § 416.920(a)(4)(ii). The "ability to do basic work activities" is defined as "the

abilities and aptitudes necessary to do most jobs." § 416.921(b). At step three, the ALJ will consider the medical severity of the claimant's impairment. If the claimant has an impairment(s) that meets or equals one of the listings in appendix 1 to subpart P of part 404 of 20 C.F.R. and meets the duration requirement, the ALJ will find the claimant disabled. § 416.920(4)(iii).

Before the ALJ goes from step three to step four, the ALJ will assess the claimant's residual functional capacity. § 416.920(4). At step four, the ALJ considers the assessment and relevant past work. If the claimant can still do past relevant work, the ALJ will find that the claimant is not disabled. § 416.920(4)(iv). At the fifth and last step, the ALJ will consider the assessment as well as the age, education and work experience of the claimant to see if an adjustment can be made to other work. If an adjustment to other work can be made, the ALJ will find the claimant not disabled. If the claimant cannot make an adjustment to other work, the ALJ will find the claimant disabled. At step five, the burden of production shifts to the Commissioner to identify jobs existing in significant numbers in the national economy that the claimant can perform. *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002). The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R. Part 404, Subpart. P, Appendix 2. *Id.* If the Commissioner meets her burden, the claimant has failed to establish disability. *Id.*

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. Plaintiff, a female, was 27 years old when she filed for Social Security Benefits on July 18, 2007 (TR. 68-72, 79). She is a mother of three children and lives with her husband (TR. 69). Plaintiff has completed the 8th grade (TR. 19). She was in special education classes for reading, writing, and math since the second grade. *Id.* She needs help to read the newspaper. *Id.* She has no significant work experience (TR. 83).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 3**

She had her first back surgery for herniated disk in January, 2006 (TR. 186). By April, 2006, the back pain had returned and an MRI was given (TR. 132-133). There was mild degeneration and bulging of the disk at the L5-S1 level, mild bulging of the L4-L5 with a small linear signal in the posterior annulus with a suggestive small tear in the posterior annulus, mild degeneration of the L1-L2 disk, signal changes in the L5 and S1 compatible with adjacent degenerative disk disease and perinueral nerve root cyst in the S3 region of the sacrum (TR. 133).

In June, 2007, she experienced a recurrence of back pain for the past three months (TR. 198). She reported that the pain radiated down the right leg, with some numbness and sometimes weakness. *Id.* She had difficulty sleeping because of the pain. *Id.* At this point, she had difficulty getting out of a chair and needed to hold onto the wall and furniture. *Id.* In August, 2007, she was still experiencing the same conditions (TR. 83). She also reported that she would fall when her legs would go numb. *Id.*

On January 7, 2008, Plaintiff was treated for infection, and her doctor noted that she continued to have back pain in addition to sciatica down the right side which causes the leg to give way (TR. 248). At a doctor's visit on January 22, 2008, Plaintiff was in tears, in pain and she struggled to get up to talk to the doctor (TR. 250). She had pain to palpation over the area of her previous surgery and her flex was limited to forty degrees with lots of pain behavior, extension was twenty-five to thirty degrees, and right and left lateral bending thirty degrees. *Id.* The doctor concluded that she may have recurrent disk herniation. *Id.*

Another MRI was taken on February 25, 2008 (TR. 267). The doctor opined that Plaintiff had "mild multilevel spondylosis with focal area of recurrent disk extrusions and/or granulation tissue in the right lateral recess at the L5-S1 level. This likely impacts the right S1 nerve root." *Id.* A second back surgery was performed on April 8, 2008 (TR. 278).

In July, 2009, Plaintiff returned to the doctor for back pain. She told the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 4**

doctor that ever since the April, 2008 surgery she had chronic mild numbness and tingling in the bilateral feet, as well as pain (TR. 317). The pain began about three weeks prior. *Id.* Before that, she had been pain free for some time. *Id.*

In August, 2009, in completing a medical report for Plaintiff, the doctor opined that she would have to lie down for thirty minutes a day, but noted that Plaintiff did well from January, 2008 to July, 2009[1] (TR. 320).

Plaintiff reports that she wakes up with lots of pain and it is difficult to get comfortable at night (TR. 119-126). She needs assistance in dressing and bathing. *Id.* Her husband has to help her out of the tub, wash and brush her hair, and shave her legs. *Id.* She reports needing help with all household chores, and she does not cook because she cannot stand long enough. *Id.* Her daily activities include paying bills, watching TV and doing seek-a-word puzzles. *Id.* She uses a walker and cane to move around (TR. 105).

## THE ALJ'S DECISION

The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act (TR. 14). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 13, 2008, the application date (TR. 11). At **step two**, the ALJ noted that Plaintiff had complained of chronic back pain, ovarian cysts, numbness of the legs and other problems. The ALJ never made specific findings that Plaintiff had a severe impairment. *Id.* At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 12).

At **step four**, the ALJ found that Plaintiff had the residual capacity to

---

[1]This appears to be a typographical error, since the medical evidence indicates that Plaintiff experienced significant pain during this time as well as a second back surgery.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 5**

perform unskilled sedentary work, with involved lifting no more than 10 pounds at a time, standing and walking occasionally, and sitting the remainder of the time (TR. 12)

At **step five**, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity. Specifically, he concluded that Plaintiff had no past relevant work and therefore no transferrable skills; she was a younger individual under the age of 45, she had a 9th grade education and had the ability to communicate in English. He determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (TR. 14). The ALJ did not specifically identify any particular job that Plaintiff could perform.

## PLAINTIFF'S CHALLENGES TO THE ALJ DECISION

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to weigh and reject evidence of non-exertional impairments. Specifically, Plaintiff challenges the ALJ's findings at step four that Plaintiff is capable of performing a full range of sedentary work. Plaintiff also argues that because the records support significant non-exertional limitations, the ALJ erred in finding that Plaintiff was not disable per the Grid Rule. Finally, Plaintiff argues that the ALJ erred in failing to give clear and convincing reasons for rejecting Plaintiff's credibility, and erred in not finding Plaintiff credible.

## STANDARD OF REVIEW OF THE ALJ DECISION

In *Edlund v. Massanri*, the Ninth Circuit set out the standard of review this Court uses in reviewing the ALJ's decision:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 6**

|   |   |
|---|---|
| 1 | The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). |
| 2 | |
| 3 | |
| 4 | 253 F.3d 1152, 1156 (9th Cir. 2001). |

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant.... [T]he Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician. . . . [T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons. . . ." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995) (quotation marks omitted).

Here, the Court does not find that substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled. Plaintiff testified and the medical evidence demonstrates that Plaintiff can perform work-like activities on a very limited part-time basis. Her treating physician opined that she suffers from chronic pain, needs to lie down 30 minutes twice per day (during the day) and if she had a job, she would miss four plus days per month. Notably, the ALJ improperly evaluated Dr. Harveson's report stating that Plaintiff was pain-free from January, 2008 through July, 2009, which failed to acknowledge that in January, 2008, Plaintiff had serious back pain that resulted in a second back surgery in April, 2008. Plaintiff testified that she had trouble sleeping, putting on her pants and shoes, getting in and out of the bathtub, and she could not stand very long to cook meals. She cannot pull the clothes from the washer and dryer. She walks with the assistance of a walker and a cane. These limitations in her daily life do not support the conclusion that Plaintiff can sustain full-time employment, even at an unskilled sedentary job. There is no evidence in the record to support a finding that Plaintiff is malingering. Rather, the evidence suggests that Plaintiff is credible, she has had two failed back surgeries, and her treating physician has indicated she would be

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 7**

unable to find or sustain work.

The ALJ also failed to address Plaintiff's non-exertional limitations and in doing so, failed to give specific, or clear and convincing reasons for rejecting her non-exertional limitations. Dr. Harveson specifically noted that Plaintiff would have difficulties with jobs due to her dyslexia. The Court notes that Plaintiff has very significant limitations in her ability to read and write as evidenced by her special education background. These non-exertional impairments would more than slightly impact the full range of sedentary work. The ALJ failed to provide any examples of any jobs that Plaintiff could perform in the regional or national economy. The ALJ erred in concluding that Plaintiff could sustain employment eight hours per day, five days per week.

The Court finds that the ALJ's step-five was inadequate. Upon remand, the ALJ must consider whether Plaintiff's non-exertional limitations significantly limit her basic work skills at the sedentary work level, the implications of her second failed back surgery and must reconsider Plaintiff's subjective pain testimony in light of the entire record. If her testimony is rejected, he must provide clear and convincing reasons that are consistent with the record.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment (ECF No. 17) is **GRANTED** to the extent that Plaintiff requests remand.

2. Defendant's Motion for Summary Judgment (ECF No. 20) is **DENIED**.

///
///
///
///

3. The decision of the ALJ is **REVERSED** and this case is **REMANDED** for further proceedings consistent with this decision.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 8**

Order, forward copies to counsel and **close the file**.

**DATED** this 22nd day of June, 2012.

*s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\aCIVIL\2010\Schuler\Soc.Sec.Order - Schuler.wpd

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING CASE ~ 9**